IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM A. SHIPLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-02180 |
| ) | |
| UNITED STATES, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiff William Shipley commenced this case under 26 U.S.C. § 7433 alleging that the IRS has unlawfully levied his social security checks. To the extent that the plaintiff's § 7433 claim is based on any alleged levy action that was the subject of his previously-dismissed case, the doctrine of res judicata or claim preclusion bars it. To the extent the plaintiff is complaining about any later-alleged-levy action, his § 7433 claim should be dismissed for failure to allege a violation of the Internal Revenue Code or Treasury Regulations. Thus, plaintiff's entire case should be dismissed under Fed. R. Civ. P. 12(b)(6).

### STATEMENT

1. Plaintiff's Prior Complaint

On November 29, 2004, the plaintiff commenced an action in this Court against the IRS under § 7433 claiming that the IRS had unlawfully levied his social security payments from January 2, 2000 until November 4, 2002. Judge John W. Lungstrum concluded that the plaintiff's § 7433 claim accrued as of November 4, 2002, at the latest. Thus, Judge Lungstrum found that the plaintiff's case was time barred because it was not filed within the two-year-

statutory period.[1]  The plaintiff's suit was dismissed, and judgment was entered against him.

2. Plaintiff's Pending Complaint

In this case, the plaintiff again complains about alleged levy actions on his social security checks.  Complaint at 25.  In two of the letters attached to his complaint, the plaintiff claims that the IRS "has been and is currently levying such payment."  See Plaintiff's Exhibits 1 and 2.  Attached to his complaint as exhibits are documents dated prior to and after the filing of his November 29, 2004 complaint.  See Plaintiff's Exhibits 1 through 16.  One of those documents is a letter titled "Administrative Claim," dated April 18, 2006 and addressed to IRS Area Director William Thompson from the plaintiff.  The plaintiff contends that the IRS's alleged levy action is a violation of 42 U.S.C. § 407(a).  Complaint at 10; Plaintiff's Exhibits 1.[2]  He seeks relief under § 7433.  Complaint at 4.

ARGUMENT

A.  Plaintiff is barred from relitigating his previous § 7433 claim.

Res judicata or claim preclusion "bars a party from relitigating a claim or cause of action on which final judgment has been rendered."  Park Lake Res. Ltd. Liab. Co. V. United States Dep't of Agric., 378 F.3d 1132, 1136 (10th Cir. 2004) (citation omitted).  Three factors permit the doctrine of res judicata to apply: "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."  Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards, 314 F.3d 501, 504 (10th Cir. 2003) (citation omitted).  A dismissal on a statute-of-limitations ground is a final

---

[1] Shipley v. IRS, No. Civ.A. 042573JWL, 2005 WL 1334617 (D. Kan. June 6, 2005).

[2] Plaintiff has two documents marked as exhibit 1 and attached to his complaint.

judgment on the merits.  Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128-29 (10th Cir. 1991).

Here, the doctrine of res judicata or claim preclusion prohibits the plaintiff's § 7433 claim to the extent he is complaining about the social security payments that were allegedly levied by the IRS between January 2, 2000 and November 4, 2002, which were the subject of his suit commenced on November 29, 2004.  The plaintiff and the United States were both parties to that action.  In that case, the Court dismissed the plaintiff's action on a statute-of-limitations ground, which constituted a final judgment on the merits.  It appears that a portion of the plaintiff's instant suit is based on the same cause of action as his earlier case, as in both cases, he seeks relief under § 7433 for the IRS's alleged unlawful levying of his social security payments.  Thus, this portion of the plaintiff's § 7433 claim should be dismissed under Fed. R. Civ. P. 12(b)(6).

B.  Sovereign immunity bars the plaintiff's § 7433 claim.

It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586-87 (1941) (citations omitted); accord United States v. Dalm, 494 U.S. 596, 608 (1990) (citations omitted); Library of Congress v. Shaw, 478 U.S. 310, 315 (1986); Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) (citations omitted); United States v. Mitchell, 445 U.S. 535, 538 (1980).  A waiver of sovereign immunity must be "unequivocally expressed," not implied.  Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)).  A waiver of sovereign immunity must be construed "strictly in favor of the sovereign" and the courts have no authority to enlarge the waiver beyond what Congress has expressed.  Shaw, 478 U.S. at 318 (citing

Ruckelshaus v. Sierra Club, 463 U.S. 680, 685-86 (1983)).  In the absence of consent by Congress, "there is no jurisdiction . . . in any . . . court to entertain suits against the United States . . . ."  Sherwood, 312 U.S. at 587-88.

Section 7433(a) allows taxpayers to file civil suits for damages against the United States if, in connection with the collection of federal taxes, an IRS employee "recklessly or intentionally disregards any provision" of the Internal Revenue Code or Treasury Regulations.  The explicit language of the statute requires a violation of a specific provision of the Internal Revenue Code or the regulations promulgated thereunder.  See Amoco Prod. Co. v. Aspen Group, 59 F. Supp.2d 1112, 1122 (D. Colo. 1999) ("Section 7433 authorizes suits only where an IRS agent has violated the taxing statutes or regulations."); Weiss v. Sawyer, 28 F. Supp.2d 1221, 1226 (W.D. Okla. 1997) (dismissing plaintiff's § 7433 claim for failure to show reckless or intentional disregard of any Internal Revenue Code provisions or regulations).

It appears that the plaintiff's § 7433 claim also involves social security payments that were allegedly levied after November 4, 2002, which were not the subject of his previously-dismissed case.  Assuming that the plaintiff has exhausted his administrative remedies with respect to that portion of his § 7433 action by filing an administrative claim with the IRS, the Government's sovereign immunity still has not been waived.[3]  The remaining portion of the plaintiff's § 7433 claim is not based on any allegation of reckless, intentional or negligent

---

[3] The plaintiff's alleged administrative claim does not appear to comply with Treas. Reg. § 301.7433-1(e).  That provision requires an administrative claim to set forth certain information, which is lacking in the plaintiff's alleged claim.  Because the plaintiff has not adhered to § 301.7433-1(e), his § 7433 claim should also be dismissed for failure to exhaust his administrative remedies.  See Springer v. Collector of Internal Revenue, No. 94-C-350-BU, 1995 WL 434333, at *2-3 (N.D. Okla. Feb. 22, 1995), aff'd, by unpublished opinion, 81 F.3d 173 (10th Cir. 1996).

disregard of any provision of the Internal Revenue Code or Treasury Regulations. Instead, the plaintiff contends that the IRS violated 42 U.S.C. § 407(a), which does not fall within the scope of § 7433.[4]  Because the plaintiff has failed to allege a violation of the Internal Revenue Code or Treasury Regulations, the remainder of his § 7433 claim should be dismissed for failure to state a claim upon which relief could be granted.

CONCLUSION

Based on the foregoing reasons, the Court should dismiss the plaintiff's entire case.

ERIC F. MELGREN
United States Attorney

 /s/ LaQuita Taylor-Phillips
LAQUITA TAYLOR-PHILLIPS
Trial Attorney
Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7945
Facsimile: (202) 514-6770

---

[4] Contrary to the plaintiff's contention, 42 U.S.C. § 407(a) does not prohibit the IRS from levying on his social security payments. Although § 407(a) generally bars social security benefits from levy, subsection (b) of the same section recognizes that another statutory provision may override it. Section 6334(a) of the Internal Revenue Code (26 U.S.C.) provides an exclusive list of property exempt from levy. Drye v. United States, 528 U.S. 49, 56-57 (1999). Section 6334©) expressly provides that social security benefits are not exempt from levy. 26 U.S.C.
§ 6334©). Indeed, the courts have found that social security payments are subject to levy by the IRS. Overton v. United States, 74 F. Supp.2d 1034, 1045 (D.N.M. 1999); Macelvain v. United States, No. 02-A-102-N, 2002 WL 31083659, at *2-3 (M.D. Ala. Aug. 9, 2002); Leining v. United States, No. 3:96cv00992(AVC), 1996 WL 857913, at *2 (D. Conn. Dec. 30, 1996); United States v. Cleveland, Nos. 93 C 1767, 93 C 1768, 1994 WL 411376, at * 3 (N.D. Ill. Aug. 3, 1994).