## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **WILLIAM A. SHIPLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 06-2180–CM** |
| | ) | |
| **THE UNITED STATES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff William A. Shipley filed this pro se action against defendants, the United States[1] and the Internal Revenue Service ("IRS"), alleging that his social security payments were unlawfully levied. The case is before the court on Defendants' Motion to Dismiss (Doc. 6) and Plaintiff's Motion for Summary Judgment (Doc. 11). Because another court has already considered these allegations, it is inappropriate for this court to revisit plaintiff's claims. Defendants' motion is granted; plaintiff's motion is denied.

## I.      Background

The background facts are set forth in the order dismissing plaintiff's prior claims. *Shipley v. I.R.S.*, No. 04-2573-JWL, 2005 WL 1334617, at *1 (D. Kan. June 6, 2005), *aff'd*, No. 05-3273, 2006 WL 497720, at *1 (10th Cir. Mar. 2, 2006). Any additional facts are included as needed.

## II.     Analysis

---

[1]  Plaintiff also includes the United States of America as a separate defendant, contending that the United States and the United States of America are separate entities. This argument is frivolous and will not be further addressed. *United States v. Dawes*, 161 F. App'x 742, 745–46 (10th 2005).

**A.      Defendants' Motion to Dismiss**

Defendants' motion requests dismissal based on plaintiff's failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion to dismiss will be granted only if

it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief

under his theory of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  "All well-pleaded facts,

as distinguished from conclusory allegations, must be taken as true."  *Swanson v. Bixler*, 750 F.2d

810, 813 (10th Cir. 1984).  The issue in reviewing the sufficiency of a complaint is not whether the

plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*,

457 U.S. 800 (1982).

Defendants argue that plaintiff's claims are precluded.  Under the doctrine of issue

preclusion, "'[w]hen an issue of ultimate fact has once been determined by a valid and final

judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"

*United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002) (quoting *Ashe v. Swenson*, 397 U.S.

436, 443 (1970)).

> Four elements must be demonstrated in order to trigger issue
> preclusion: "(1) the issue previously decided is identical with the one
> presented in the action in question, (2) the prior action has been fully
> adjudicated on the merits, (3) the party against whom the doctrine is
> invoked was a party, or in privity with a party, to the prior adjudication,
> and (4) the party against whom the doctrine is raised had a full and fair
> opportunity to litigate the issue in the prior action."

*Id.* (quotations omitted).

Here, the issue of ultimate fact is whether plaintiff's claims are barred by the statute of

limitations.  First, the court examines whether this issue is identical in both cases.  Plaintiff's

-2-

previous complaint was a five-page form complaint that alleged the IRS fraudulently "claimed 100% of [plaintiff's] net social security check for 36 continuous months."  In that case, the period in question was from January 2, 2000 until November 4, 2002.  In this case, plaintiff's lengthy complaint fails to clarify the relevant time period, noting only that the IRS harmed plaintiff by levying his social security checks.  In an addendum, plaintiff stated "the IRS illegally took 100% of Plaintiff's Social Security Payment for 3 years."  Based on several reviews of plaintiff's complaint, it appears this is the only time frame alleged.  Because plaintiff previously alleged that the IRS claimed his social security check for 36 months, and presently alleges that the IRS claimed his social security check for 3 years, the court finds that plaintiff's allegations are identical.  Thus, the application of the statute of limitations is the same for both claims.

Second, the court considers whether the prior action has been fully adjudicated on the merits. Judge Lungstrum dismissed the prior complaint, finding that the appropriate statute of limitations is two years from the date the action accrued, which was November 4, 2002.  Because plaintiff did not file that complaint until November 29, 2004, his claims were barred.  On appeal and under de novo review, the Tenth Circuit affirmed the prior dismissal.  The application of the statute of limitations has been fully adjudicated on the merits.  *See Lackey Elec., Inc. v. Int'l Bhd. of Elec. Workers, Local 226*, 351 F. Supp. 2d 1208, 1213 (D. Kan. 2005) ("[D]ismissal on statute of limitations grounds . . . is a judgment on the merits for purposes of collateral estoppel.") (citing *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir. 1991)).

Third, plaintiff was a party in the prior action.  Fourth, plaintiff had a full and fair opportunity to litigate the issue in the prior action.  In the previous case, plaintiff submitted a memorandum opposing defendants' motion to dismiss that addressed the application of the statute of limitations.  Furthermore, plaintiff appealed the decision to the Tenth Circuit.  The Tenth Circuit

explicitly considered, and rejected, plaintiff's contentions about the application of the statute of limitations.  That the courts disagreed with plaintiff's arguments does not mean that he did not have an opportunity to litigate.  He simply litigated unsuccessfully.

Because prior courts have determined that the statute of limitations barred plaintiff's claims, it is inappropriate for the court to revisit that question.  This court applies the same findings, and consequently does not have subject matter jurisdiction over plaintiff's claims.  Defendants' Motion to Dismiss (Doc. 6) is granted for all claims related to the previously dismissed claims.

Although the court does not find any clear statement that plaintiff alleges claims that are unrelated to the previously dismissed claims, out of an abundance of caution the court considers possible claims unrelated to the previously dismissed claims.  Plaintiff's complaint states that his claim is brought under 26 U.S.C. § 7433.  Because § 7433 is a waiver of sovereign immunity, it must be "strictly observed, and construed in favor of the sovereign."  *Quinn v. United States*, 94 F. App'x 740, 742 (10th Cir. 2004) (quoting *Gonsalves v. I.R.S.*, 975 F.2d 13, 15 (1st Cir. 1992)). Section 7433 requires that an officer or employee of the IRS disregard a provision of Title 26, or any related regulation.  26 U.S.C. § 7433.  The only other statutory provisions plaintiff discusses relating to IRS employees are 42 U.S.C. § 407(a) and 5 U.S.C. § 8346(a), which he contends exempt social security payments.  This is insufficient to allege a claim under § 7433.  *See Addington v. United States*, 75 F. Supp. 2d 520, 524–25 (S.D.W. Va. 1999) ("Plaintiffs have failed to cite any specific Code provision or regulation which [an IRS employee] intentionally or recklessly violated in serving the levy to collect taxes . . . Since [the IRS employee] was simply collecting taxes pursuant to methods prescribed by the Code, the court believes that plaintiffs have no cause of action pursuant to Section 7433 for the levy on [plaintiff's] social security benefits.").  Additionally, plaintiff has not stated any coherent argument for why his social security payments should be exempt.  *See Overton*

*v. United States*, 74 F. Supp. 2d 1034, 1045 (D.N.M. 1999) ("Section 6334(a) of the I.R.C. sets forth an *exclusive* list of property and property rights which are exempt from levy . . . Social Security benefits are not included within § 6334(a)'s exclusive list."), *aff'd*, No. 99-2069, 2000 WL 14274 (10th Cir. Jan. 7, 2000).  To the extent plaintiff alleges claims that differ from those previously dismissed, plaintiff has failed to properly state his claims.  Defendant's Motion to Dismiss (Doc. 6) is granted for all claims against defendant that are unrelated to plaintiff's previously dismissed claims.

The court also notes that plaintiff failed to file any responsive pleading to defendants' motion to dismiss.  In a letter responding to an Order to Show Cause and in a month-late response, plaintiff instead reiterated his frivolous distinction between "the District Court of the United States" and "United States District Court."

**B.     Plaintiff's Motion for Summary Judgment**

Because the court grants Defendants' Motion to Dismiss (Doc. 6), Plaintiff's Motion for Summary Judgment is denied as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is granted. This case is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 11) is denied as moot.

Dated this 18th day of January 2007, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**